NOT FOR PUBLICATION

```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
                           CAMDEN VICINAGE
_____
                                    :
MICHAEL DERRY,                      :
                                    :   Civil Action No. 14-5037 (RMB)
                Petitioner,         :
                                    :
           v.                       :   MEMORANDUM OPINION AND ORDER
                                    :
STEPHEN D'ILIO, et al.,             :
                                    :
                Respondents.        :
_____:
```

This matter comes before this Court upon Petitioner's submission of a habeas petition ("Petition"). See Docket Entry No. 1. While the Petition contains Petitioner's averment as to his awareness about his rights under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Petition arrived unaccompanied by Petitioner's $5.00 filing fee or his in forma pauperis application. See id.

For the purposes of the statute of limitations inquiry, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court," Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)), being subject to the same mailbox rule that applies to civil complaints. See Houston, 487 U.S. 266; McDowell v. Delaware State Police, 88 F.3d


188, 191 (3d Cir. 1996).  However, the issue of the limitations period aside,

> [a]n application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record.  [Moreover, an] application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe . . . the form of the document, . . . the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted).  Section 1914(a) of United States Code, Title 42, provides that "[t]he [C]lerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $ 350 except that on application for a writ of habeas corpus the filing fee shall be $ 5."  42 U.S.C. § 1914(a).  The Supreme Court, however, observed that, "while [$ 5] is . . . an 'extremely nominal' sum, if one does not have it and is unable to get it[,] the fee might as well be [$ 500]."  Smith v. Bennett, 365 U.S. 708, 712 (1961).  Therefore, a related statute, Section 1915, governs applications filed in forma pauperis ("IFP") and provides, in relevant part, that leave to proceed IFP may be granted in any suit to a litigant "who submits an affidavit [which demonstrates] that the [litigant] is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).

In a habeas matter, the prisoner seeking to proceed IFP must submit to the Clerk: (a) a completed affidavit of poverty; and (b) a certification signed by an authorized officer of the institution certifying both the amount presently on deposit in the petitioner's prison account as well as the greatest amount on deposit in the petitioner's prison account during the six month period prior to the date of the certification. See Local Civil Rule 81.2(b). The prisoner's legal obligation to prepay the filing fee or to duly obtain IFP status is automatically incurred by the very act of initiation of his legal action. See Hairston v. Gronolsky, 2009 U.S. App. LEXIS 22770, at *5 (3d Cir. Oct. 15, 2009) (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999)).

Here, Petitioner neither prepaid his filing fee nor submitted an IFP application, as required by Local Civil Rule 81.2(b). Therefore, his application to proceed in this matter IFP, if such was implied or intended, will be denied without prejudice, and this matter will be administratively terminated subject to reopening upon Petitioner's timely prepayment of his filing fee or his submission of a complete IFP application. See Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265 (3d Cir. 2013) ("administrative closings [are not final dismissals on the merits; rather, they] are a practical tool used by courts . . . and are particularly useful in circumstances in which a case,

though not dead, [might] remain moribund [in the event the litigant fails to act or elects not to act]").

Moreover, in the event Petitioner submits his filing fee or IFP application, he should accompany his submission by an amended habeas petition, since his instant Petition is defective as drafted. Here, the Petition raised, de jure, only six grounds for relief. See generally, Docket Entry No. 1. However, some of these grounds contain from two to eleven different claims. See, e.g., id. at 28 and 31 (Ground Five, raising challenges to performance of trial counsel and also challenging performance of appellate counsel, and Ground Six, raising a panoply of distinct and largely obscure claims). Furthermore, instead of stating the factual predicate underlying each of his claims, Petitioner merely stated that he "relies on his pro se supplemental letter brief that was submitted to the PCR trial court, the Appellate Division and the New Jersey Supreme Court for these arguments." See id. at 31 (capitalization removed). Such mode of "umbrella" pleading or "pleading by reference" is not allowed in a habeas matter.

> Petitioner filed [his habeas petition] containing fifteen claims disguised as ten: because Petitioner's "ground one" contained six different "sub-grounds." Also, this "ground one" was unsupported by a factual predicate elaborating on these "sub-grounds" . . . . So executed, Petitioner's [application] violates the Habeas Rules. It is Petitioner's obligation to detail the factual predicate underlying each of his claims. "Habeas corpus petitions must meet heightened pleading requirements," McFarland v. Scott, 512 U.S. 849, 856

4

> (1994), and Habeas Rule 2(c) requires a petitioner to "state the facts supporting each ground." 28 U.S.C. § 2254 Rule 2(c)(2) . . . .  Also, Habeas Rule 2 does not envision a pleading of "umbrella" claims containing "sub-grounds" that are different claims. See 28 U.S.C. § 2254 Rule 2(c)(1); see also 28 U.S.C. § 2254 Rule 2(d) ("The petition must substantially follow . . . the form . . . prescribed by a local district-court rule"); Cox v. Warren, 2013 U.S. Dist. LEXIS 161588, at *4 and n.2 (D.N.J. Nov. 13, 2013) (pointing out that "umbrella" grounds are unacceptable). . . . [Petitioner's habeas petition] shall state all Petitioner's claims, asserting each claim individually, detailing the legal challenge and supporting factual predicate of each claim separately, without making any references or incorporations-by-reference to Petitioner's prior submissions and without unduly grouping different claims into an "umbrella" claim.

Jones v. United States, 2014 U.S. Dist. LEXIS 101272, at *2-4 (D.N.J. July 24, 2014).[1]

---

[1] Here, Petitioner's Ground Six offers this Court a list of the following obscure statements: "impassioning the jury, bolstering the credibility of a state witness, improper references to [Petitioner] being up to no good, prejudice form prosecutor creating racial tension, other crimes and other bad acts prejudice, inappropriate comments about defense counsel and [Petitioner], ineffective cross examination, objections and rulings in front of jury impacted defense, references to warrants." Docket Entry No. 1, at 31 (capitalization removed, commas separating the allegations supplied).  These nine cryptic allegations are raised both separately and jointly, since they are accompanied by a heading supplying Plaintiff's tenth and eleventh allegations: "cumulative error ignored by trial [counsel] and [cumulative error ignored by] appellate counsel." This Court cannot act as Petitioner's counsel by searching the volumes of his trial and appellate transcripts in the hope of locating any sentence that Petitioner might perceive as an "improper reference," "inappropriate comment," "ineffective cross examination," etc.  See Lindell v. Houser, 442 F.3d 1033, 1035 (7th Cir. 2006) ("District courts should not have to read and decipher tomes disguised as pleadings"); see also Pliler v. Ford, 542 U.S. 225, 231-32 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants"); accord

5

IT IS, therefore, on this **15th** day of **August 2014**,

**ORDERED** that Petitioner's application to proceed in this matter in forma pauperis is denied; and it is further

**ORDERED** that such denial is without prejudice and, within thirty days from the date of entry of this Memorandum Opinion and Order, Petitioner shall submit his filing fee of $5.00 or his complete in forma pauperis application; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED."  This matter shall be subject to restoration to this Court's active docket the event Petitioner timely submits his filing fee or in forma pauperis application; and it is further

**ORDERED** that, if Petitioner submits his filing fee or in forma pauperis application, he shall accompany the same with his amended habeas petition stating each of his claims separately, without grouping, and detailing the factual predicate underlying each of his so-raised claims;[2] and it is finally

---

Reeves v. Office of the Pub. Defender, 2012 U.S. Dist. LEXIS 23289, at *5 (D.N.J. Feb. 23, 2012) ("the Court's legal assistance to [a pro se litigant] would render the Court biased") (citations omitted).  Likewise, this Court cannot require Respondents to search the records in order to piece together Petitioner's claims that Respondents are obligated to address on behalf of the State, not Petitioner.

[2] Petitioner's claims raised in the amended petition should be (a) federal claims that are (b) "substantively equivalent" to

**ORDERED** that the Clerk shall serve this Memorandum Opinion Order upon Petitioner by regular U.S. mail, and shall enclose in said mailing: (a) a blank § 2254 petition form; and (b) a blank <u>in forma pauperis</u> form for prisoners seeking to bring a habeas action.

                                               <u>s/Renée Marie Bumb</u>
                                               **RENÉE MARIE BUMB**
                                               **United States District Judge**

---

his claims duly exhausted in state courts, <u>i.e.</u>, the claims presented to all levels of the state court where review of such claims was available. <u>See</u> <u>Johnson v. Rosemeyer</u>, 117 F.3d 104, 110 (3d Cir. 1997) (claims asserting "errors of state law cannot be repackaged [into claims asserting] federal errors"). Thus, a claim's resort to the same constitutional provision would be insufficient: both the legal theory and factual predicate must be the same with regard to each particular claim. <u>See</u> <u>Picard v. Connor</u>, 404 U.S. 270, 277 (1971). "The rationale of the 'substantial equivalent' requirement is self-evident . . . : habeas relief focuses on whether the state court's adjudication of the petitioner claim 'resulted . . . or involved an unreasonable application of . . . Supreme Court precedent.'" <u>Salas v. Warren</u>, 2013 U.S. Dist. LEXIS 59728, at *13, n.3 (D.N.J. Apr. 25, 2013) (quoting 28 U.S.C. § 2254(d)). "If the legal theory and/or the factual predicate of each claim presented to the state courts differed from the legal theory and factual predicate of the claim presented for federal habeas review, the federal court has no basis to conclude that the state courts unreasonably applied the governing Supreme Court precedent, because each Supreme Court precedent (and any legal precedent) is composed of a particular factual predicate and a particular rule of law, and so this precedent can only be applied to substantially same set of circumstances and legal challenges." <u>Id.</u>