**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

```
_____ :
                                 :
Michael Derry,                   :  Civil Action No.: 14cv5037 (RMB)
                                 :
          Petitioner,            :
                                 :
     v.                          :        OPINION
                                 :
Stephen D'Ilio et al.,           :
                                 :
          Respondents.           :
_____ :
```

This matter comes before the Court on Petitioner Michael Derry's ("Derry") Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 3); Respondent's Answer (ECF No. 12); Derry's Reply (ECF No. 15); and Derry's Motion for an Evidentiary Hearing. (ECF No. 16.) For the reasons discussed below, the Court will hold the amended petition in stay and abeyance until Derry exhausts his unexhausted claims in State court.

I.   BACKGROUND

On August 30, 2007, following his conviction after trial by jury for robbery, aggravated assault, and weapons charges, Derry was sentenced to an aggregate sentence of thirty-six years in prison, with twenty-seven years subject to NERA, and an additional five-year period of parole ineligibility. State v.

<u>Derry</u>, 2009 WL 2778029, at *1 (N.J. Super. Ct. App. Div. Sept. 3, 2009). Derry raised six issues on direct appeal: (1) a new trial is warranted because the State failed to disclose that the Complainant, the primary State witness against Defendant, had a pending criminal charge that was dismissed shortly after he testified against Defendant in this case; (2) the trial court erred in charging accomplice liability over Defendant's objection; (3) the trial court should have given a specific unanimity charge; (4) Defendant's right to a fair jury trial was not preserved because one juror was sleeping during Defendant's cross-examination of the State's primary witness; (5) the prosecutor's comments during trial denied Defendant a fair trial; and (6) Defendant's sentence is excessive. <u>Id.</u> at 2.

The Appellate Division denied all but the claim regarding a sleeping juror, which it remanded for further proceedings. <u>Id.</u> On January 22, 2010, the New Jersey Supreme Court granted certification in part. <u>State v. Derry</u>, 201 N.J. 155 (N.J. Jan 22, 2010). Upon remand, the trial court found that the juror had not been sleeping, and denied the claim. <u>State v. Derry</u>, 2014 WL 44020 (N.J. Super. Ct. App. Div. Jan. 7, 2014). On October 1, 2010, the New Jersey Supreme Court dismissed the appeal as improvidently granted. <u>State v. Derry</u>, 204 N.J. 33 (N.J. Oct 01, 2010).

Derry filed a petition for post-conviction relief on August 4, 2011. State v. Derry, 2014 WL 44020, at *2. He raised the following claims: (1) Petitioner was denied his Sixth Amendment right to the effective assistance of trial counsel by counsel's failure to conduct any pre-trial investigation, subpoena witnesses, and for informing Petitioner and his only witness that he would impeach the witnesses' credibility if he testified in Petitioner's favor; (2) Petitioner was denied his Sixth Amendment right to effective assistance of appellate counsel by counsel's failure to raise on direct appeal the trial court's abuse of discretion for allowing other crimes evidence, and the court's abuse of discretion for allowing prejudicial and suggestive out of court identification that was conducted by the investigating police department; (3) Petitioner was denied his Fifth Amendment and Fourteenth Amendment rights to due process by the trial court's failure to conduct a scheduled probable cause hearing; (4) Petitioner's sentence is excessive in violation of the Eighth Amendment; (claim in pro se memorandum) (5) cumulative error ignored by trial and appellate counsel (listing errors); (claims in counsel's supplemental brief) (6) ineffective assistance of counsel; (7) Petitioner was denied his constitutional right to effective assistance of appellate counsel by the failure of counsel to appeal the denial of a Wade Hearing; (8) Petitioner was denied the effective assistance of

3

appellate counsel by the failure of appellate counsel to seek a new sentencing hearing when the court denied the trial counsel's request to withdraw as counsel; (9) Petitioner was denied the effective assistance of remand counsel by the failure of counsel to call the assistant prosecutor as a witness at the hearing; (claims in additional pro se filings) (10) trial counsel was ineffective for failing to call Kamal Sears to testify; (11) Petitioner was denied the effective assistance of counsel due to the cumulative errors of counsel; and (12) Petitioner's jail credits should be recalculated. Id. at *2-3.

The PCR Court denied relief, and denied Derry's motion for reconsideration. Id. at *3. On appeal, Derry alleged the following: (1) the trial court erred in denying the defendant's petition for post-conviction relief because he did not receive adequate legal representation from appellate counsel, as a result of appellate counsel's failure to challenge the trial court's ruling denying trial counsel's request for a Wade Hearing; and (2) Defendant was subjected to the constructive denial of PCR counsel which deprived him of the Sixth Amendment right to effective assistance of counsel and prevented a fair presentation of viable constitutional claims; therefore, the order denying PCR should be reversed and the matter remanded for a new PCR hearing on those claims. Id. at *4. The Appellate Division denied relief. Id. at *6. The New Jersey Supreme Court

4

denied certification on July 10, 2014. State v. Derry, 218 N.J. 276 (N.J. Jul. 10, 2014).

Derry filed his petition for federal habeas relief on August 12, 2014, and filed an amended petition on September 4, 2014. (ECF Nos. 1, 3.) He raised six grounds for relief: (1) a new trial is warranted because the State failed to disclose that the Complainant, the primary State witness against Defendant, had a pending criminal charge that was dismissed shortly after he testified against Defendant in this case; (2) Defendant's right to a fair jury trial was not preserved because one juror was sleeping during Defendant's cross-examination of the State's primary witness, and the trial court conducted no inquiry into how much testimony the juror had missed; (3) the trial court should have given a specific unanimity charge; (4) the trial court erred in denying the defendant's petition for post-conviction relief since he did not receive adequate legal representation from appellate counsel as a result of appellate counsel's failure to raise as an issue the trial court's ruling denying a Wade Hearing; (5) Trial and Appellate Counsel were ineffective for neglecting to protect Defendant's rights regarding a DNA issue Defendant had complained to trial counsel about and that Defendant had written to appellate counsel about; and (6) cumulative error ignored by trial and appellate counsel (listing errors). (ECF No. 3 at 20-43.)

Respondents opposed Grounds One through Four on the merits. (ECF No. 12 at 1-33). Derry failed to exhaust Grounds Five and Six. (Id. at 33-43.) Respondents asserted Derry is now barred from raising Grounds Five and Six in State Court, and the claims should be denied on the merits. (Id.)

Derry subsequently filed a second petition for post-conviction relief on March 26, 2015. (ECF No. 12-29). Derry raised four grounds for relief: (1) the consecutive nine years with 85% for aggravated assault should have been concurrent, and the sentence should be vacated; (2) appellate and PCR counsel were ineffective by failing to exhaust Defendant's State court remedies with regard to the lower courts' findings on limited remand from direct appeal regarding the sleeping juror issue; (3) trial counsel was ineffective by failing to advise Defendant of the consequence of exposure to a mandatory five-year consecutive sentence, while waiving his right to bifurcated trial; and (4) Defendant should be entitled to jail credits for time spent in custody from arrest date until sentencing date. (Id.) On June 10, 2015, the PCR Court denied the petition as untimely. (ECF No. 12-30.)

On May 26, 2015, Derry submitted a letter to the Court, asking to stay his habeas proceeding because he had not exhausted Grounds Five and Six of the petition. (ECF No. 5.) Derry further noted that there was still an appeal pending in

6

State court relevant to the petition. (Id.)[1] Then, on September 1, 2015, Derry filed a motion for miscellaneous relief in this Court, requesting an evidentiary hearing. (ECF No. 16.) Derry argued that an evidentiary hearing was necessary because he had obtained an affidavit from Kamal Sears, confirming that Derry was misidentified as a perpetrator of the crimes. (Id.)

In support of his motion, Derry submitted a transcript of an August 8, 2015 interview of Kamal Sears conducted by an investigator, John Taylor of Ms. Mercy Legal Services. (Id. at 5-9.) Sears stated that Derry, his cousin who resembles him, was not present at the scene of the crime on May 11, 2003, it was Sears who was present. (Id. at 7-8.)

II. DISCUSSION

To promote comity between state and federal courts, the Supreme Court held that a federal habeas courts must dismiss mixed habeas petitions that contain exhausted and unexhausted claims, allowing the State courts the first opportunity to address the petitioner's constitutional claims. Rose v. Lundy, 455 U.S. 509, 514-22 (1982). In Rhines v. Weber, 544 U.S. 269, 272-73 (2005), the Supreme Court acknowledged there could be circumstances where dismissal of a mixed petition for exhaustion would result in the one-year habeas statute of limitations

---

[1] Presumably, Derry was referring to his appeal of the PCR's Court's denial of his second post-conviction motion.

expiring before the petitioner was able to return to federal court. The Court held that district courts have discretion to hold a habeas proceeding in stay and abeyance while the petitioner exhausts his unexhausted claims in State court. Id. at 277. A stay and abeyance is available only when the petitioner had good cause for failing to exhaust his claims; and only if the claims have potential merit. Id. at 277-78.

Here, Derry filed his habeas petition before filing his second petition for post-conviction relief in State court. His appeal of the second PCR Court decision remains pending in State court. Filing his federal habeas petition did not stop the habeas statute of limitations from running. Duncan v. Walker, 533 U.S. 167, 172 (2001). Furthermore, if the New Jersey Appellate Division and New Jersey Supreme Court uphold the PCR Court's denial of Derry's second petition for post-conviction relief on the grounds that his claims are procedurally barred, then filing his second petition for post-conviction relief did not toll the habeas statute of limitations under 28 U.S.C. § 2244(d)(2). See Merrit v. Blaine, 326 F.3d 157, 165 ("an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition") (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). If the habeas petition is dismissed without a stay and abeyance, Petitioner may be

precluded by the statute of limitations from returning to federal court for habeas relief.

Derry's pending second petition for post-conviction relief contains accuses his counsel of failing to exhaust all of his federal claims in State court. If true, this would represent good cause for his failure to exhaust. Derry also had good cause for not presenting new evidence sooner because the evidence was not obtained until August 8, 2015, after he filed the habeas petition. Derry has never presented the new evidence in State court to support his claim that he was misidentified by the victim. Because Derry has an appeal pending in State court, and because he obtained new evidence after filing the habeas petition, the Court reject's Respondents' contention that Derry is barred from exhausting his claims in State Court. See State v. Nash, 212 N.J. 518, 544-50 (N.J. 2013) (describing fundamental injustice exception to procedural bars of post-conviction relief claims). Without further development of the record in State court, this Court cannot find that the unexhausted claims have no merit.

III. CONCLUSION

For these reasons, the Court will order a stay and abeyance of Derry's amended habeas petition until he exhausts his State

Court remedies, including any claims based on the new evidence,

Kamal Sears's August 8, 2015 statement. (Exhibit, ECF No. 17.)


s/Renée Marie Bumb
**RENÉE MARIE BUMB**
United States District Judge

Dated: October 29, 2015

10