UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| MICHAEL DERRY, : | Civ. Action No. 14cv5037 (RMB) |
| Petitioner : |  |
| v. : | **MEMORANDUM AND ORDER** |
| STEPHEN D'ILIO, : |  |
| Respondent : |  |

This matter comes before the court upon Petitioner's motion to appoint counsel in this habeas proceeding under 28 U.S.C. § 2254 by a prisoner challenging his state court conviction and sentence. (Mot. to Appoint Counsel, Dkt. No. 25.) On October 29, 2015, this Court stayed Petitioner's amended habeas petition (Am. Pet., Dkt. No. 3) and held it in abeyance while Petitioner exhausted his claims in the state courts. (Opinion and Order, Dkt. Nos. 18, 19.) The Court reopened this action on July 29, 2019, upon Petitioner's exhaustion of state remedies (Order, Dkt. No. 22), and Respondent filed a supplemental answer to the amended petition, addressing Petitioner's new exhausted claims (Supp. Answer, Dkt. No. 23.) Petitioner now seeks appointment of counsel.

Petitioner filed a motion for pro bono counsel under 28 U.S.C. § 1915(e)(1), but his motion is more appropriately addressed under 18 U.S.C. § 3006A(a)(2)(B), which provides "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who--is seeking relief under section 2241, 2254, or 2255 of title 28." Petitioner states that he is indigent and has been throughout his criminal proceedings. (Mot. to Appoint Counsel, Dkt. No. 25 at 3.) He asserts that he is not trained in the law and is unable to represent himself in this case, which requires a great amount of legal research. (Id.)

There is no constitutional or statutory right to representation by counsel in a habeas proceeding under 28 U.S.C. § 2254. Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), superseded by statute on other grounds 28 U.S.C. § 2254. To determine whether the interests of justice support the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." Id. at 263. "Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." Id. at 264 (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)).

Petitioner has clearly set forth the factual and legal basis for his claims in the amended petition and appears to understand the issues and the law. Resolution of the amended petition will not require further factual investigation. The Court does not find it in the interest of justice to appoint counsel but will grant Petitioner additional time to file a reply to Respondent's supplemental answer to the newly exhausted claims.

For the reasons set forth above,

**IT IS** on this **1st day of April 2021**,

**ORDERED** that the motion to appoint counsel (Dkt. No. 25) is **DENIED;** and it is further

**ORDERED** that Petitioner may file a reply to Respondent's Supplemental Answer within 45 days of the date of entry of this Order; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**